Laboni A. Hoq (CA SBN #224140)
*Email: laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
South Pasadena, CA 91030
Telephone: (213) 973-9004

Amber Qureshi*
*Email: amber@qureshilegal.com*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353

* *Pro hac vice application forthcoming*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

GRAEME BLAIR,

     Plaintiff,

     v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

     Defendant.

Case No. 2:26-cv-417

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      Plaintiff Graeme Blair ("Professor Blair") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking declaratory, injunctive, and other appropriate relief to compel the timely release of agency records improperly withheld by Defendant, United States Department of Homeland Security ("DHS").

2.      Professor Blair submitted a FOIA request (the "Request") to DHS on October 10, 2025, seeking anonymized, non-exempt, individual level database records maintained by the Office of Homeland Security Statistics ("OHSS") in the Persist dataset, which tracks the full lifecycle of immigration cases.

3.      To date, DHS has not released any responsive records, notwithstanding FOIA's requirement that agencies respond to requests within 20 working days.

4.      The information sought is of significant value to the public. There is a compelling and urgent need to inform the public about the government's enforcement practices, including the change in enforcement under the new administration, which has been the subject of significant media and public attention in recent months. Since January 2025, DHS has stopped publishing aggregate data from the Persist database on the Office of Homeland Security Statistics website.[1] Moreover, while the government has released some other aggregate statistics about the recent trends in immigration enforcement, there is no regular public release of individual-level enforcement data despite the critical public need to understand rapidly changing enforcement policies and practices.

---

[1] *See* Office of Homeland Security Statistics, U.S. Department of Homeland Security, *Immigration Enforcement and Legal Processes Monthly Tables* (last updated January 16, 2025), https://ohss.dhs.gov/topics/immigration/immigration-enforcement/monthly-tables.

5.      Individual-level data about enforcement—such as the records requested here—released under FOIA recently have been crucial in accurately reporting on patterns in enforcement practices and whom the administration is targeting for enforcement. The data enable journalists, researchers, and the public to calculate aggregate statistics and to verify those produced by the government. The data requested here is particularly valuable because it contains data from across DHS and enables more comprehensive accounting of enforcement actions than is possible with currently available data.

6.      Professor Blair co-directs the Deportation Data Project ("DDP"), which collects, analyzes, and posts public, anonymized U.S. government immigration datasets through publicly available information and FOIA requests. In 2025, DDP obtained and posted individual-level data released by U.S. Immigration and Customs Enforcement ("ICE") under FOIA on its website.[2] Since then, hundreds of reporters have reached out to Professor Blair and his colleagues at DDP with questions about these data and how to use them. Local, national, and international media outlets have used the data over a thousand times to analyze and report changes in immigration enforcement in the early months of the new administration. The data requested here is just as valuable—if not more—in informing the public about the changes and trends in immigration enforcement in the United States.

7.      DHS's failure to respond to Professor Blair's Request and release the requested records violates FOIA and impedes Professor Blair's efforts to educate the public regarding how agencies enforce federal immigration laws and to determine whether immigration agencies' current practices comply with applicable laws, regulations, and constitutional requirements. To vindicate the public's statutory right to information under FOIA, Professor Blair seeks declaratory,

---

[2] Deportation Data Project, *Immigration and Customs Enforcement Data*, https://deportationdata.org/data/ice.html.

injunctive, and other appropriate relief to compel Defendant to immediately process Professor Blair's Request and release records that it has unlawfully withheld.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2).

9.     Venue lies in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391 because Professor Blair resides in this district.

## PARTIES

10.     Plaintiff Graeme Blair is a Professor of Political Science at the University of California, Los Angeles. Professor Blair also co-directs the Deportation Data Project. DDP collects, analyzes, and posts public, anonymized U.S. government immigration enforcement datasets. Such data has been frequently used by the public in understanding immigration enforcement policies and practices. DDP's website and posting of government data are broadly circulated and widely available to the public at no cost. Professor Blair resides in Los Angeles, California.

11.     Defendant DHS is a department of the Executive Branch of the United States. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and has control over the records Plaintiff seeks.

## FACTUAL BACKGROUND

12.     On October 10, 2025, Plaintiff submitted the Request to Defendant through the online Secure Release portal, seeking "all nonexempt categories of records in the Persist database" for the full period covered by all versions of the Persist database on the date on which DHS produces data. The Request is attached as Exhibit A to this Complaint.

13.    Plaintiff also requested that DHS include "a column with the '[o]ne-time person-level identifier created and used by OIS [DHS Office of Immigration Statistics] to link records across datasets each time the data are matched.'" Exhibit A at 2. Plaintiff explained that this identifier is not exempt under FOIA because it does not match across datasets and does not match other identifiers used by noncitizens. However, if DHS determined that person-level identifier to be exempt from disclosure, Plaintiff requested that the agency produce a new, anonymized unique identifier, pursuant to the Second Circuit's decision in *ACLU Immigrants' Rights Project v. United States Immigration & Customs Enforcement*, 58 F.4th 643 (2d Cir. 2023). Exhibit A at 2.

14.    Plaintiff sought a waiver of fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k). Plaintiff noted that the disclosure of the requested data will "bolster public understanding of DHS practices with respect to the immigration enforcement and benefits processes, which directly affect hundreds of thousands of noncitizens and legal, humanitarian, and advocacy groups that serve them." Exhibit A at 5. Plaintiff also explained that the records are not sought for commercial use because Plaintiff plans to analyze, publish, and disseminate to the public the information gathered through the request at no cost, as it has done with other information received through FOIA. Exhibit A at 6.

15.    Plaintiff also sought expedited processing of the Request on the grounds that (1) there is widespread and exceptional media interest in the requested records; and (2) the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about

-4-

actual or alleged federal government activity. Exhibit A at 2-5; 5 U.S.C. § 552(a)(6)(E); *see also* 6 C.F.R. § 5.5(e).

16.     In support of its request for expedited processing on the basis that there is "widespread and exceptional media interest" in the requested records, Plaintiff noted the overwhelming media attention on DHS arrests, detentions, and deportations of noncitizens in recent months. *See* Exhibit A at 3. Plaintiff explained that individual-level data on immigration enforcement has played an important role in accurately reporting on patterns in enforcement practices. *Id*. Plaintiff also cited a non-exclusive list of 125 media articles citing the recent individual-level ICE enforcement data obtained under FOIA and made public by DDP. Exhibit A at 14-22.

17.     In support of its request for expedited processing on the basis that the records are urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity, Plaintiff again pointed to the widespread interest by the media and the public in the change in immigration enforcement practices under the new administration. Exhibit A at 3-5. Plaintiff noted that the federal government has failed to release individual-level data, which would help address the critical public need to understand rapidly changing enforcement policies and practices. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii). Finally, Plaintiff emphasized that it is "primarily engaged in disseminating information" within the meaning of the FOIA, 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii), because Plaintiff regularly "collects, analyzes, and posts public, anonymized U.S. government immigration enforcement datasets" for use by journalists, policymakers, and other members of the public at no cost. Exhibit A at 4-5.

18.    By letter dated November 21, 2025, DHS acknowledged that it received the Request on November 13, 2025,[3] and assigned the Request the tracking number 2026-HQFO-00106. In its letter, DHS claimed that Plaintiff's Request was "too broad in scope or did not specifically identify the records [sought]." DHS requested that Plaintiff provide a timeframe for the requested records.

19.    On November 24, 2025, Plaintiff, through counsel, responded to DHS's letter by email explaining that Plaintiff already provided a timeframe in his Request, specifically "the full period covered by all versions of the Persist Dataset on the date on which DHS produces data responsive to [the Request]." Plaintiff noted that, based on publicly available information, the time period must encompass fiscal year 2013 to the latest date available in the dataset.

20.    On November 15, 2025, Plaintiff submitted another FOIA request to DHS for all nonexempt categories of records in the Persist dataset. On November 17, 2025, DHS administratively closed that request because DHS "determined that

---

[3] Although Plaintiff submitted the Request electronically on October 15, 2025, DHS claimed it did not receive the Request until November 13, 2025. This appears to be due to the lapse in federal appropriations between October 1, 2025, and November 12, 2025. However, the Department of Justice's Office of Information Policy has issued guidance stating that "consistent with agency practice during prior lapses in appropriations, agencies should count as part of their response times for FOIA requests and appeals the twenty-nine days when the government was closed, which excludes all Saturdays, Sundays, and the legal public holidays that occurred during the lapse in appropriations." Office of Information Policy, U.S. Department of Justice, *Calculating FOIA Response Times after the 2025 Government Shutdown* (November 18, 2025), https://www.justice.gov/oip/oip-guidance/calculating-foia-response-times-after-2025-government-shutdown. Even assuming that DHS's response time under FOIA did not start until the restoration of federal government funding on November 12, 2025, DHS has failed to timely respond to Plaintiff's Request here.

-6-

a similar request is currently being processed under FOIA case number 2026-HQFO-00106."

21.    On December 15, 2025, Plaintiff submitted another FOIA request to DHS for all nonexempt categories of records in the Persist dataset. On December 15, 2025, DHS administratively closed that request because DHS "determined that a similar request is currently being processed under FOIA case number 2026-HQFO-00106."

22.    As of January 15, 2025, it has been 61 working days since Plaintiff submitted its Request to DHS on October 10, 2025. It has been 39 working days since November 13, 2025, the date DHS claims to have received the Request.

23.    DHS has produced no records in response to the Request. To date, DHS has neither released responsive records nor explained its basis for withholding them.

## CAUSES OF ACTION
## COUNT ONE
**Violation of Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Timely Disclose Responsive Agency Records**

24.    Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

25.    Defendant's unlawful withholding of documents responsive to Plaintiff's FOIA Request violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A), and (a)(6)(E), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

26.    Defendant was required to make a determination on Plaintiff's FOIA Request within 20 business days under 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c), which expired on November 10, 2025. Even assuming that the statutory time period did not begin until the restoration of appropriations and that Defendant's response time was tolled during the time its request for clarification

was pending, Defendant was required to make a determination on Plaintiff's FOIA Request by December 16, 2025.

27.    No basis exists for Defendant's failure to provide records in response to Plaintiff's Request. Plaintiff has exhausted its administrative remedies by virtue of Defendant's failure to respond to the FOIA Request.

## COUNT TWO

### Violation of Freedom of Information Act, 5 U.S.C. § 552
### for Failure to Disclose and Release Responsive Records

28.    Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

29.    Defendant has failed to produce or reproduce any responsive records

30.    Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to Plaintiff's FOIA Request promptly. Plaintiff has a legal right to obtain such records, and no legal basis exists for DHS's failure to conduct a reasonable search for records through the present date and produce those records promptly.

31.    Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's FOIA Request violates 5 U.S.C. §§ 552(a)(3) and (a)(6), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

## COUNT THREE

### Violation of Freedom of Information Act, 5 U.S.C. § 552
### for Failure to Grant Plaintiff's Request for Fee Waiver

32.    Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

33.    Defendant has failed to grant Plaintiff's request for a fee waiver.

34.    Under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), DHS is required to waive or reduce fees associated with a FOIA request where "disclosure of the information is in the public interest because it is likely to contribute

significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Plaintiff has sufficiently demonstrated that it is entitled to a fee waiver under the FOIA.

35.     By failing to grant Plaintiff's request for a fee waiver, Defendant has denied Plaintiff's rights under 5 U.S.C. § 552(a)(4)(A)(iii) as well as 6 C.F.R. § 5.11(k), promulgated thereunder.

## COUNT FOUR

### Violation of Freedom of Information Act, 5 U.S.C. § 552

### for Failure to Grant Expedited Processing

36.     Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

37.     Under 5 U.S.C. § 552(a)(6)(E)(i)(I), agencies are required to promulgate regulations to provide for expedited processing of requests for records where there is a "compelling need." DHS regulations provide that requests and appeals must be processed on an expedited basis where there is, inter alia, "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;" or "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(ii), (iv).

38.     Plaintiff has sufficiently demonstrated that there is a compelling need for expeditious consideration of the Request. Plaintiff is primarily engaged in disseminating information, through scholarship and articles on immigration, and intends to make the requested records available to the public at no cost. Previous government data obtained by Plaintiff have been distributed to the public at no cost through DDP's website. The subject matter of the requested records undoubtedly involves alleged federal government activity—namely, Defendant's current

immigration policies regarding immigration enforcement and benefits processes, including changes from policies adopted by prior administrations. There has been widespread and exceptional public interest in Defendant's immigration policies— as demonstrated by the dozens of international, national, and local news media organizations who have utilized the previously published immigration data posted by DDP to inform the public. Further, the speed and unpredictability of changes to asylum and other immigration policies make the need for these records urgent.

39.    Plaintiff requested expedited processing of the Request, and Defendant has failed to respond within the 20-day determination period. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(e)(4).

40.    By failing to respond to Plaintiff's request for expedited processing, Defendant has violated Plaintiff's rights under 5 U.S.C. § 552(a)(6)(E) and Defendant's regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)    Declare unlawful Defendant's refusal to disclose the records requested;

(b)    Declare that Defendant's failure to make a determination with respect to Plaintiff's FOIA Request within the statutory time limit and Defendant's failure to disclose responsive records violates the FOIA;

(c)    Compel Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant to conduct a full, adequate, and expeditious search for records responsive to Plaintiff's FOIA Request and to produce any and all such records to Plaintiff;

(d)    Enjoin Defendant, and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for or on behalf of Defendant from withholding non-exempt records

-10-

responsive to Plaintiff's FOIA Request and order them to promptly produce the same without redaction;

(e)   Enjoin Defendant from assessing fees or costs for the processing of Plaintiff's FOIA Request;

(f)   Award Plaintiff reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(g)   Grant any such further relief as the Court deems just and equitable.

Dated: January 15, 2026                    Respectfully submitted,

By: */s/ Laboni Hoq*
Laboni A. Hoq
*laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
Pasadena, CA 91030
Telephone: (213) 973-9004

Amber N. Qureshi
*amber@qureshilegal.com*
LAW OFFICE OF AMBER
QURESHI, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353

*Attorneys for Plaintiff*

-11-