TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
CORY L. WEBSTER (Cal. Bar No. 274404)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3348
    E-mail: Cory.Webster@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAEME BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | No. 2:26-cv-00417-PD<br><br>**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**<br><br>Hearing Date:  August 28, 2026<br>Hearing Time:  1:30 p.m.<br>Ctrm:  580<br><br>Honorable Patricia Donahue<br>United States Magistrate Judge |

Under Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant United States Department of Homeland Security (DHS) submits this Statement of Uncontroverted Facts.

| Defendant's Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| 1. The Office of Homeland Security Statistics (OHSS) within the Office of Strategy, Policy, & Plans (PLCY) at the U.S. Department of Homeland Security (DHS) regularly prepares an extensive series of analytical and statistical reports on immigration benefits and enforcement events, including the Persist dataset. | Declaration of Marc Rosenblum ("Rosenblum Decl.") ¶¶ 6–8. |
| 2. To create the Persist dataset, OHSS (1) receives administrative records from DHS's operational components and the Department of Justice's Executive Office for Immigration Review (EOIR) (a total of 22 separate datasets), (2) cleans, validates, and standardizes the data from the DHS components and EOIR, and (3) uses a data science process to match and link records at the person level. | Rosenblum Decl. ¶¶ 6–8. |
| 3. The Persist dataset allows events associated with particular individuals to be traced across multiple DHS and EOIR data systems, supporting end-to-end analysis of immigration enforcement processing. | Rosenblum Decl. ¶ 8. |

1

| | |
|---|---|
| 4. As of May 2026, for events occurring since the start of fiscal year 2013, the Persist dataset includes 174,095,588 rows of data, each describing a particular immigration enforcement or benefit event. Events were associated with 42,408,123 unique individuals. | Rosenblum Decl. ¶ 9. |
| 5. On October 10, 2025, during a government shutdown due to a lapse in federal funding, Plaintiff submitted a Freedom of Information Act (FOIA) request for the electronic spreadsheet of the Persist dataset. | Rosenblum Decl. ¶ 11; Declaration of Cory L. Webster ("Webster Decl.") Ex. 1. |
| 6. Plaintiff's FOIA request sought "*all nonexempt* categories of records in the PERSIST dataset," including the OHSS one-time person-level identifier used to link records across datasets. | Rosenblum Decl. ¶ 11; Webster Decl. Ex. 1. |
| 7. On November 13, 2025, after a return from the government shutdown, DHS Intake received Plaintiff's FOIA request. | Rosenblum Decl. ¶ 12. |
| 8. On November 21, 2025, DHS Intake emailed Plaintiff asking for clarification on the date range to narrow the scope of the request. | Rosenblum Decl. ¶ 12. |
| 9. Plaintiff responded on November 24, 2025, clarifying that he seeks records from fiscal year 2013 to the | Rosenblum Decl. ¶ 12. |

| | |
|---|---|
| latest data available in the dataset. | |
| 10. DHS Intake then perfected the request and sent it to OHSS. | Rosenblum Decl. ¶ 12. |
| 11. On June 1, 2026, DHS sent Plaintiff a final determination letter, notifying Plaintiff that the requested records would be withheld under FOIA Exemptions 6 and 7(E). | Declaration of Cory L. Webster, Ex. 1. |
| 12. Personally Identifiable Information (PII) include direct identifiers, which expressly identify an individual on their own, and indirect identifiers, which can reveal a person's identity in combination with other data. | Rosenblum Decl. ¶ 13. |
| 13. The Persist dataset contains a significant amount of direct identifier PII, including but not limited to: names, alien registration numbers (A-Numbers), biometric identifiers (i.e., fingerprints), and dates of birth. These data points are unique to a person and can be used to directly identify a person without any additional data. | Rosenblum Decl. ¶ 13.a. |
| 14. The Persist dataset also contains indirect identifiers, such as sex, criminal history, country of citizenship, apprehension method, apprehension date, detention facility, case status, detention status, book-in date, book-out date, release reason, entry date, case date, | Rosenblum Decl. ¶ 13.b. |

3

| | |
|---|---|
| hearing location, country of birth, and immigration status. It may be possible to use these data points to reveal a person's identity in combination with other data. | |
| 15. De-identification, pseudonymization, and anonymization are common approaches used to protect data subjects' privacy and reduce risks of disclosing data subjects' identities. | Rosenblum Decl. ¶ 14. |
| 16. De-identification and pseudonymization do not necessarily or reliably prevent re-identification, and anonymization is achieved only if an individual's identity cannot be pieced back to together after a data set has been anonymized. | Rosenblum Decl. ¶ 14. |
| 17. Re-identification is the process of attempting to discern the identities that have been removed from de-identified data. | Rosenblum Decl. ¶ 15. |
| 18. Even after removing direct identifiers and other PII from the Persist dataset, individuals can still be subject to re-identification attacks. | Rosenblum Decl. ¶ 15. |
| 19. In one of the most widely publicized re-identification attacks, Latanya Sweeney re-identified the medical records of Massachusetts | Rosenblum Decl. ¶ 16. |

4

| | |
|---|---|
| governor William Weld as part of her graduate work at MIT in the 1990s. Sweeney was able to re-identify the governor's records by searching for the "de-identified" records that matched the Governor's date of birth, zip code, and sex. | |
| 20. Emerging technologies, including generative artificial intelligence (AI), may be further reducing the effectiveness of de-identification, pseudonymization, and anonymization. | Rosenblum Decl. ¶ 17. |
| 21. Using an AI model, the authors of a 2019 study succeeded in re-identifying Americans with 99.98% accuracy. | Rosenblum Decl. ¶ 17. |
| 22. As compared to the 2019 study, which used AI to accurately re-identify individuals with only 15 data points, individuals in the Persist dataset may be linked to up to 380 categories of data, with as many as thousands of data points associated with a single individual. | Rosenblum Decl. ¶ 17. |
| 23. A risk of re-identification using the Persist dataset may persist even if DHS were to use substitute identifiers for individuals whose information exists within the dataset because of the sheer volume of data that would be disclosed about the individuals in the dataset. | Rosenblum Decl. ¶ 18. |

5

| | |
|---|---|
| 24. Maintaining an identifier linking immigration event data to a particular individual would likely increase the risk that an individual could be re-identified using the data points within the Persist dataset. | Rosenblum Decl. ¶ 18. |
| 25. Persist data can be used to track the Border Patrol Sector, OFO Field Office, and ICE Area of Operations in which individuals have been arrested or found inadmissible. | Rosenblum Decl. ¶ 18. |
| 26. The scale, scope, and historical nature of the requested Persist data create a risk that large amounts of sensitive data could be exposed, with dangerous implications for subjects' privacy. Skilled data scientists may be able to exploit this robust dataset to accurately re-identify individuals documented in existing and future records. | Rosenblum Decl. ¶ 19. |

6

Respectfully submitted

Dated:  July 9, 2026

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation
Section

 */s/ Cory L. Webster*
CORY L. WEBSTER
Assistant United States Attorney

Attorneys for Defendant

7